UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20241-JB

TIMOTHY OLIVER,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR AWARD OF TAXABLE COSTS

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 54(d), S.D. Fla. L. R. 7.3(a) and 28 U.S.C. § 1920, hereby moves for a judgment taxing costs against Plaintiff, Timothy Oliver. The University is the prevailing party in this action and, therefore, is entitled to an award of taxable costs as a matter of law. Submitted in support of this Motion is the University's Bill of Costs and supporting invoices, attached hereto as **Exhibit 1**.

### INTRODUCTION

On June 26, 2023, Plaintiff commenced this action by filing his Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami- Dade County.[DE 1-3]. On August 23, 2023, the University filed a Motion to Dismiss. On September 11, 2023, before the University's Motion to Dismiss was set for hearing, Plaintiff filed his First Amended Complaint. [DE 1-7]. On September 21, 2023, the University filed a Motion to Dismiss the First Amended Complaint. On January 3, 2024, prior to the scheduled hearing, the Court entered an Agreed Order granting Defendant's Motion to Dismiss without prejudice. [DE 1-8].

On January 9, 2024, Plaintiff filed a Second Amended Complaint. [DE 1-9]. Although the factual allegations remained essentially the same, the Second Amended Complaint added various federal causes of action. On January 22, 2024, as a result of Plaintiff's addition of the federal statutory claims, the University filed a Notice of Removal to Federal Court. [DE 1]. In doing so, the University incurred a filing fee of $405.00. (*See* Bill of Costs).

On January 26, 2024, the University filed a Motion to Dismiss the Second Amended Complaint. [DE 4]. On February 23, 2024, Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss. [DE 7]. On March 1, 2024, Plaintiff filed a Motion to Amend the Complaint along with a proposed Third Amended Complaint. [DE 8]. On May 22, 2024, the Court entered a paperless Order granting the University's Motion to Dismiss the Second Amended Complaint, and partially granting the Plaintiff's Motion for Leave to Amend Complaint, stating in relevant part as follows:

> Plaintiff is not permitted to file the proposed Third Amended Complaint attached to the Motion [to Amend the Complaint] because it suffers from the same deficiencies that required dismissal of the Second Amended Complaint. However, the Motion for Leave to Amend is granted in that Plaintiff is permitted to file an amended complaint to remedy the defects identified in Defendant's prior Motions to Dismiss.

[DE 24].

On June 3, 2024, Plaintiff filed his operative Third Amended Complaint, alleging claims against the University for (1) Breach of Contract; (2) Race Discrimination in violation of Title VI; (3) Retaliation in violation of Title VI. [DE 26]. On February 18, 2025, the Court entered an Order granting the University's Motion to Dismiss Third Amended Complaint with Prejudice. [DE 34].

## ARGUMENT

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)

creates "a presumption in favor of awarding costs" to the prevailing party. *Krug Celebrity Cruises, Inc.*, No. 16-22810-Civ-Scola, 2018 WL 11459917, *1 (S.D. Fla. Sept. 18, 2018) (citing *Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996 (11th Cir. 2012)) and *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). Ordinarily, the party in whose favor judgment is entered is the "prevailing party." *Chiever v. R.J. Schor, Inc.*, No. 08-60461-CIV-ZLOCH, 2008 WL 4097795, at *1 (S.D. Fla. Sept. 2, 2008). *See also Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14–CV–22461, 2014 WL 6968073, *3 (S.D. Fla. Dec. 9, 2014) (Defendant was the prevailing party after the court granted its motion to dismiss). Here, the Court granted the University's Motion to Dismiss with prejudice. Therefore, the University is the prevailing party.

As the prevailing party, the University is entitled to an award of its taxable costs. *See, e.g., Health First, Inc. v. Hynes*, No. 6:11-CV-715-ORL-41KRS, 2015 WL 12977509, at *5 (M.D. Fla. Mar. 5, 2015) (noting that the "prevailing party" is entitled to "recover its taxable costs pursuant to Rule 54(d) and § 1920"), aff'd, 628 Fed. App'x 723 (11th Cir. 2016); *Ayala v. Sheriff of Broward Cnty.*, No. 12-61933-CIV-WILLIAMS, 2014 WL 12616162, at *1 (S.D. Fla. Sept. 16, 2014) (awarding taxable costs to the Defendant as the prevailing party).

Costs under Rule 54(d) are limited by the parameters of 28 U.S.C. § 1920. *Moise v. Credit Control Servs., Inc.*, No. 11-60026-CIV, 2012 WL 7996939, at *4 (S.D. Fla. Aug. 3, 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)), R&R adopted, No. 11-60026-CIV, 2012 WL 7997538 (S.D. Fla. Aug. 12, 2012). That statute permits the following items to be taxed as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, the University seeks $484.20 in taxable costs. *See* Exhibit 1. As discussed below, these costs were necessarily incurred and specifically are taxable under applicable law.

**I.     Court Filing Fee**

As set forth in the attached Bill of Costs, Defendants incurred $405.00 in Court/clerk fees in removing this case from state court. "Removal fees have been defined as 'unquestionably a fee of the clerk,'" as identified in 28 U.S.C. § 1920(1). *Fernandez v. Bal Harbour Vill.*, No. 13-CV-23799, 2015 WL 13697401, at *3 (S.D. Fla. Mar. 3, 2015) (collecting cases), R&R adopted, 2015 WL 13697230 (S.D. Fla. Mar. 23, 2015). Thus, "courts have routinely included the removal filing fee among taxable costs." *Cooper v. Garden of Life, Inc.*, No. 06-80809-CIV, 2007 WL 9701772, at *1 (S.D. Fla. Oct. 25, 2007) (collecting cases). Accordingly, the University respectfully requests that this cost be taxed against Plaintiff.

**II.    Hearing Transcript**

The University seeks $79.20 for the transcript of the May 20, 2024, oral argument on the University's Motion to Dismiss Second Amended Complaint. That transcript was ordered to refer to the Plaintiff's arguments and the Court's findings in the University's Motion to Dismiss Third Amended Complaint, and the University cited and relied on the contents of the transcript in its Reply in Support of Defendant's Motion to dismiss Third Amended Complaint with Prejudice. [DE 31 at p. 9]. Because the transcript was ordered to rebut the Plaintiff's arguments, the transcript is taxable. *See Covington v. Arizona Beverage Co.*, LLC, No. 08-21894-CIV, 2011 WL 810592, at *4 (S.D. Fla. Jan. 25, 2011) (taxing hearing transcripts because they were "necessary to rebut the

plaintiff's arguments" and contained statements used in subsequent proceedings), R&R adopted, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011); *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, No. 5:97CV15-0C-10C, 2001 WL 862642, at *2 (M.D. Fla. May 4, 2001) (The "Defendant argues that the transcript was often the only complete record of the Court's decisions on certain issues. Upon due consideration, the Court agrees with the Defendant that the transcripts of pretrial and discovery hearings were reasonably necessary.") Accordingly, the University respectfully requests that this cost be taxed against Plaintiff.

### III.     Post-Judgment Interest

As set forth in the attached Bill of Costs and supporting invoices (Exhibit 1), the University incurred $484.20 in costs that specifically are taxable under 28 U.S.C. § 1920 and the case law cited above. All these costs were reasonably necessary for the University's successful defense against Plaintiff's claim. The University seeks post-judgment interest on these costs, calculated from the date of dismissal of the case with prejudice (April 26, 2023 (ECF No. 73)). A prevailing party is entitled to post-judgment interest on taxable costs, calculated from the date of final judgment is entered. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1260 (S.D. Fla. 2013) (citing 28 U.S.C. § 1961; *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F. 3d 1045, 1052 (11th Cir. 1994); and *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F. 2d 794, 799 (11th Cir. 1988)). The post-judgment interest rate is "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar-week preceding the date of the judgment." 28 U.S.C. § 1961(a). Here, the applicable interest rate is 4.26%. *See*

https://www.federalreserve.gov/datadownload/Preview.aspx?pi=400&rel=H15&preview=H15/H15/RIFLGFCY01_N.WF (last accessed March 19, 2025). At that rate, interest accrues at $0.057 per diem.

WHEREFORE, the University respectfully requests that the Court (1) tax costs against Plaintiff in the amount of $484.20, along with post-judgment interest on that amount until fully paid; (2) enter judgment in that amount in favor of the University (whose address is 1320 S. Dixie Highway, Suite 1200, Coral Gables, Florida 33146) and against Plaintiff (whose address is 6650 SW 57 Ave., Apt. C409, South Miami, FL 33143); (3) order Plaintiff to complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the University's counsel within 45 days of the date the cost judgment is entered; (4) retain jurisdiction to enforce the cost judgment; and (4) grant such other relief as the Court deems just and appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and 7.3(b), I hereby certify that, on March 20, 2025, I e-mailed Plaintiff's counsel with a copy of this Motion, along with the Bill of Costs and supporting invoices and receipts. That same day, the parties conferred via telephone in a good-faith effort to resolve the items of non-taxable costs being sought herein. Plaintiff did not agree to pay the non-taxable costs, but did not oppose the filing of the instant motion.

By: /s/ Catherine A. Mancing

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232

By: /s/ Catherine A. Mancing
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Catherine A. Mancing
    Florida Bar No.
    Mancing@irlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 20th day of March, 2025, upon the following:

Stewart Lee Karlin, Esq.
Stewart Lee Karlin Law Group, P.C.
2003 W. Cypress Creek Road, Suite 100
Fort Lauderdale, Florida 33309
slk@stewartkarlin.com

By: /s/ Catherine A. Mancing
    Catherine A. Mancing